Deadebick, J.,
delivered the opinion of the Court.
The questions for determination in this case, arise upon exceptions to the Master’s report.
A partnership existed between the intestate and his father, ¥m. Delp. After the death of the intestate, Win. Delp, as surviving partner, sold 129 head of hogs belonging to the partnership, to respondent, Eli R. Delp.
This he had a right to do, and the respondent, Eli, acquired a good title to the hogs by virtue of the purchase. There is no proof that the price was inadequate or that there was fraud or unfairness in the transaction.
*533 Nevertheless, the complainant attached the hogs, alleging in the bill that they belonged to his intestate, and they were replevied by defendant, Eli. A reference to the Master was ordered, to ascertain the state of accounts between the parties. And the Master’s report, dated February 12, 1868, shows that the said Eli had paid the price agreed to be given for the hogs, except the sum of $48, which, with interest thereon to the 1st of March, 1868, showed a balance due complainant of $75.89 at that date.
The complainant excepted to the three several credits allowed respondent, Eli.
1st. 1,384 pounds pork, at $6 per hundred, amounting to $83.04, paid to administrator, and set apart to intestate’s widow as part of her year’s support. ,
This exception was sustained by the Court. In this the Chancellor erred. The exception should have been disallowed.
2. Respondent, Eli, paid for intestate a judgment of $61.30, and also paid to 'Win. Delp, the surviving partner at the time of the purchase, $628.50, in a note, .or balance of a note, he, Eli, held on intestate.
These two credits last named, were allowed by the Master, and upon exception taken by complainant, were disallowed. We think they were proper credits to respondent, Eli, and the exceptions to the report were improperly allowed by the Chancellor. This was upon the erroneous supposition of the Chancellor that these several payments, as we regard them, towards the price of the hogs, were outstanding debts against the estate, and were barred by the statute of limitations of two years and six months, in favor of the administrators.
*534 The decree of the Chancellor will be reversed, and a decree entered in conformity with this opinion; and the costs will be paid by the complainant in this court and in the Chancery Court.